IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

NIRIN WALLS,

                Plaintiff,

v.

MICHAEL BEDNARZ, *et al.*,

                Defendants.

Case No. 21-cv-742-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Defendant Venerio Santos's motion to set aside entry of default (Doc. 57).

Plaintiff Nirin Walls filed his Complaint on June 28, 2021 (Doc. 1). On August 19, 2021, the Court conducted its threshold review pursuant to 28 U.S.C. §1915A and found that Walls stated claims against Santos. On August 19, 2021, a waiver of service was sent to Venerio Santos (Doc. 11). On October 12, 2021, a second waiver of service was sent to Santos (Doc. 26). On October 18, 2021, Santos returned the waiver of service (Doc. 28). His Answer was due December 13, 2021. He failed to file an Answer or seek an extension of time, and, accordingly, the Court entered default against him on January 7, 2022 (Doc. 49).

On January 10, 2022, counsel for Santos entered his appearance and filed a motion for leave to file Answer out of time (Docs. 52, 53, and 54). The Court denied the motion because Santos was in default and had not first sought to vacate the default (Doc. 55). Subsequently, Santos filed the pending motion to set aside the entry of default (Doc. 57).

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." "In order to vacate an entry of default the moving party must show: (1) good cause for default, (2) quick action to correct it, and (3) [a] meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009). The standard for setting aside an entry of default is the same as that for setting aside a default judgment, but is applied more liberally. *Cracco*, 559 F.3d at 631.

Santos has met the standard for setting aside the entry of default. Santos notes that his attorney failed to take notice of the December 13 Answer deadline for Santos because counsel failed to note that Santos had returned the waiver of service. Counsel instead believed that the waiver of service was still pending and had not been executed. Once default was entered against Santos, counsel acted quickly to correct the mistake, first filing a motion for leave to file an Answer and, when that was denied, filing the motion to set aside the default. Finally, Santos argues that he has a meritorious defense.

Given that defaults are disfavored and the standard for vacating an entry of default is liberally applied, the Court finds that Santos has met the requirements of Rule 55(c) and **GRANTS** the motion to set aside entry of default (Doc. 57). The entry of default against Santos (Doc. 49) is **VACATED**. Santos is **GRANTED** leave to file his Answer or other responsive pleading on or before **January 25, 2022**.

**IT IS SO ORDERED.**

DATED:  **January 11, 2022**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**